UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANTOINE TERRANCE SIMMONS,

              Plaintiff,

v.

UNKNOWN SPIESSL et al.,

              Defendants.

_____/

Case No. 2:25-cv-123

Honorable Jane M. Beckering

### ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. In an opinion and order (ECF Nos. 7, 8) entered on July 28, 2025, the Court partially dismissed Plaintiff's complaint, under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), for failure to state a claim upon which relief could be granted. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. (ECF No. 9.) On September 3, 2025, the case was removed from early mediation because not all Defendants had entered a limited appearance in the time provided to do so. (ECF No. 11.) Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that, because the Court granted Plaintiff leave to proceed *in forma pauperis* in its July 28, 2025, order (ECF No. 8), Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*,

716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. See 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding month's income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid**.**

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the United States Marshals Service, which is authorized to send a request for waiver of service to Defendants Spiessl and Beck[1] in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the United States Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that Defendants Spiessl and Beck shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After

---

[1] Plaintiff's allegations are sufficient to warrant service of the complaint against Defendant Unknown Party, referred to as Sergeant Jane Doe. However, the Court is unable to order service on that Defendant because Plaintiff has not provided sufficient information to identify her. While the United States Marshals Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshals Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . *once reasonable steps have been taken to identify for the court the defendants named in the complaint.*") (emphasis added).

2

a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:   September 11, 2025                     /s/ Ray Kent
                                               Ray Kent
                                               United States Magistrate Judge